UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09CV95-J

DIANA RICHARDSON                                                                                      PLAINTIFF

VS.

MICHAEL J. ASTRUE,
    Commissioner of Social Security                                                         DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Diana Richardson ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be vacated, and the matter remanded for further proceedings not inconsistent with this opinion.

## PROCEDURAL HISTORY

On May 26, 2006, Claimant filed application for disability insurance benefits, alleging that she had been unable to engage in gainful employment since April 22, 2006.[1]  After a hearing, Administrative Law Judge D. Lyndell Pickett ("ALJ") determined that claimant's degenerative disc disease of the cervical and lumbar spine, and degenerative joint disease of the right knee were severe impairments that prevented her from performing any of her past relevant work.  The ALJ further found that he retained the residual functional capacity for light work jobs existing in significant numbers.  This became the final decision of the Defendant on all applications when the Appeals

---

[1] The date of the ALJ decision denying Ms. Richardson' previous application was April 21, 2006.

1

Council denied review on December 19, 2008.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff argues that the ALJ erred in failing to accord the appropriate weight to the opinion of her treating physician. On May 26, 2007, Dr. Reasor completed a Functional Capacities Assessment, opining that Ms. Richardson suffers from constant low back and left leg pain, that she suffers from depression, that she could sit for a total of 1 to 2 hours in a workday and could stand or walk for a total of 30 minutes in a workday, and could only occasionally lift five pounds. Tr. 983-984.

The courts have long held that the treating physician – especially one who has seen the patient over a period of time -- is in a unique position to evaluate the functional impact of an impairment on her or his patient, and the law recognizes the importance of that point of view by according deference to the opinions of treating physicians. In Wilson v. Commissioner, 378 F.3d

541 (6th Cir. 2004), the court again confirmed the weight ordinarily due the opinion of a treating physician. <u>Wilson</u> also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

A treating physician's opinion, if uncontradicted, should be given complete deference. See, e.g., <u>Walker v. Secretary of Health & Human Servs</u>., 980 F.2d 1066, 1070 (6th Cir.1992). A treating physician's opinion is entitled to controlling weight if the Commissioner finds "that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. S 404.1527(d)(2)(1999). In other words, the opinion of a treating physician need not be given *controlling* weight unless supported by clinical or diagnostic findings. See <u>Walters v. Commissioner of Social Security</u>, 127 F.3d 525, 530 (6th Cir.1997); <u>Bogle v. Sullivan</u>, 998 F.2d 342, 347 (6th Cir.1993); <u>Kirk v. Heckler</u>, 742 F.2d 968, 973 (6th Cir.1984). However, "in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for *controlling* weight. <u>Rogers v. Commissioner of Social Security</u>, 486 F.3d 234, 242 (6th Cir. 2007).

The ALJ stated that he declined to give Dr. Reasor's evaluation "controlling" weight [Tr. 9] but there is no indication that he accorded the opinion any deference whatsoever. "[I]n all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for *controlling* weight. <u>Rogers</u>

v. Commissioner of Social Security, 486 F.3d 234, 242 (6th Cir. 2007). The ALJ stated "This assessment is not supported by the totality of the objective record, including the radiographic studies and claimant's lack of aggressive surgical intervention." Tr. 21. Unfortunately, he provided no specifics that might explain that conclusion. As the record includes a large number of clinical notes related to pain and functional limitation, such specifics are called for if this justification is to stand.

The ALJ also stated that the "claimant's testimony somewhat contradicts" Dr. Reasor's limitations, and he stated that she cooks, dusts, reads, attends church, visits family and friends, goes out to eat, and at least once helped her husband wash his car. Tr. 21-22. Actually, this is not a fair characterization of her testimony. She testified that she cannot drive because of pain, cannot do most cooking, and that it had been "a long time" since she did anything socially. Tr. 30-36. The ALJ also stated that she had never told a treating source that she needed to lie down or to elevate her legs during the day. Again, this is not supported by the record. See Tr. 344, 346, 712, 1010.

While there is a basis for not according Dr. Reasor's opinion *controlling* weight (it was not uncontradicted), the record as a whole does not show substantial evidence to support complete rejection of Dr. Reasor's opinion, or to explain why the opinion was not accorded the "great deference" called for by Rogers, supra. Because of this error in the handling of the treating physician's opinion, the matter must be remanded for further proceedings.